ANDERSON ET AL., APPELLEES, v.
OHIO DEPARTMENT OF INSURANCE, APPELLANT.

[Cite as Anderson v. Ohio Dept. of Ins. (1991), 58 Ohio St. 3d 215.]

(No. 89-2172—Submitted December 12, 1990—Decided April 3, 1991.)

*Joseph S. Streb*, for appellees.

*Lee I. Fisher*, attorney general, *Loren L. Braverman, Simon B. Karas, Sheryl Creed Maxfield* and *William M. Mattes*, for appellant.

MOYER, C.J. This appeal presents two issues for our review. The first issue is whether the method and manner in which the department's employees liquidated WellCare are so inexorably intertwined with the decision to liquidate WellCare that the implementation of the liquidation is immune from suit. The second issue is, if the department's employees conducted the liquidation in a negligent manner, whether their actions give rise to a private claim for relief due to a special duty the department owed WellCare and its shareholders. We will dispose of the immunity issue first.

## I

In *Reynolds, supra*, we established a rule to determine when a private cause of action may be instituted against the state. As we explained: "* * * the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion.

218

However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." *Id.* at 70, 14 OBR at 508, 471 N.E. 2d at 778.

The department urges us to accept its contention that the decision to regulate includes the manner and method in which that regulation will occur; *i.e.*, that in a regulatory context, the making of the basic policy decision and the implementation thereof are not easily separated. Therefore, the department concludes, both its decision to liquidate WellCare and the manner in which that liquidation took place were highly discretionary activities that are immune from liability.

The holding in *Reynolds*, however, forces us to reject this argument. We recognize that a regulatory agency exercises a high degree of discretion in making its initial decision regarding liquidation. A regulatory agency, like any other agency, must be allowed to make basic policy decisions without fear of reprisals from private individuals who feel they have been injured. *Reynolds* acknowledges this need for governmental agencies to be allowed to govern.

However, as *Reynolds* also makes clear, even though a discretionary decision is immune from suit, the implementation of that decision can be carried out in a negligent manner. When carrying out the mandates of a public employer, the actions of the agents or employees of that employer are distinguishable from the original decision to take action and thus could be actionable.

In the instant case, we are not persuaded that the department is a unique regulatory agency that would prevent us from distinguishing between its decision to liquidate WellCare and the implementation of that decision. If, as WellCare alleges, the department failed to follow the statutory procedures for the liquidation of WellCare causing WellCare to suffer damages, the department faces potential liability for its actions. *Reynolds, supra.*

Our inquiry, however, does not end with this determination. Even if employees of the department acted in a negligent manner, WellCare cannot maintain its cause of action unless the department owed a special duty to WellCare and its shareholders that is separate and distinct from the duty the department owed to members of the general public. The law is well-settled in Ohio that the breach of a general duty to the public by a governmental entity does not give rise to a private claim of relief. *Sawicki, supra.*

II

As this court said in *Sawicki*: " '* * * [I]f the duty which the * * * law imposes upon * * * [a public official] is a duty to the public, [then] a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be addressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages.' * * *

" '* * * Rather than being an absolute defense, as was sovereign immunity, the public duty rule comported with the principles of negligence, and was applicable to the determination of the extent to which a statute may encompass the duty upon which negligence is premised. If a special relationship is demonstrated, then a duty is established, and inquiry will continue into the remaining negligence ele-

ments. * * *" (Citations omitted.) *Id.* at 230, 525 N.E. 2d at 477.

Four elements must be proven in order to establish the existence of a special duty. The state, through the promises or actions of its employees, must evidence the assumption of an affirmative duty to act on behalf of the injured party and must be aware that its inaction would lead to the alleged harm. Direct contact between the state and the injured party also must occur. Finally, the injured party must justifiably rely upon the state's affirmatively undertaking its promised form of relief. *Id.* at 232, 525 N.E. 2d at 478.

Applying the above test to the facts of this case, it becomes apparent that the department did not owe a special duty to WellCare. According to statute, the department's regulation of HMOs is for the benefit and protection of the public. As R.C. 3903.02(D) states: "The purpose of sections 3903.01 to 3903.59 of the Revised Code is the protection of the interests of insureds, claimants, creditors, and the public generally * * *." Pursuant to R.C. 3903.16(A), the department may file a motion for liquidation whenever the Superintendent of Insurance "* * * believes rehabilitation of an insurer would substantially increase the risk of loss to creditors, policyholders, or the public * * *." One of the bases for obtaining the liquidation order is "* * * [t]hat the insurer is in such condition that the further transaction of business would be hazardous, financially or otherwise, to its policyholders, its creditors, or the public." R.C. 3903.17 (C).

The statutory scheme for the regulation and liquidation of HMOs is designed to protect the interests of the public from the difficulties experienced by the company, not to protect the company and its shareholders. Con-

trary to the holding of the court of appeals, the statute was neither designed nor intended to create a special duty to a private individual to use as the basis for a claim of damages. R.C. Chapter 3903 was enacted for the benefit of the general citizenry and does not provide for a special relationship between the state and a liquidated HMO. WellCare has failed to prove the department's assumption of a special duty or the existence of a special relationship between itself and the department, thus rendering the special duty exception inapplicable.

Further, every wrong committed by the state does not give rise to a private cause for damages. As the Kentucky Supreme Court stated in *Commonwealth Dept. of Banking & Securities* v. *Brown* (1980), 605 S.W. 2d 497: "* * * There is no public policy requiring government to guarantee the success of its efforts. When the government, entity is performing a self-imposed protective function * * *, the individual citizen has no right to demand recourse against it though he is injured by its failure to efficiently perform such function. Any ruling to the contrary would tend to constitute the Commonwealth an insurer of the quality of services its many agents perform and serve only to stifle government's attempts to provide needed services to the public which could be otherwise effectively supplied." *Id.* at 499.

In the instant case, if the department implemented WellCare's liquidation in a negligent manner, WellCare was not without recourse. WellCare could have requested a hearing pursuant to R.C. 3903.09(F)(1). It could have applied for immediate judicial relief pursuant to R.C. 3903.09(F)(2). It also could have requested that the superintendent review any action taken by a supervisor in accordance

with R.C. 3903.17. R.C. 3903.09(G). Any or all of these remedies were available to WellCare to redress any wrongs committed by the state. They reflect the legislative design to recompense an injured party and they do not contemplate a private right of action for relief for that injury.

For the reasons set forth above, we reverse the judgment of the court of appeals and reinstate the decision of the trial court.

*Judgment reversed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.