GROTHOUSE et al., Appellants,

v.

OHIO DEPARTMENT OF HEALTH, Appellee.

[Cite as *Grothouse v. Ohio Dept. of Health* (1992), 80 Ohio App.3d 258.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–246.

Decided June 11, 1992.

*Albers & Albers* and *James S. Albers*, for appellants.

*Lee Fisher*, Attorney General, *Sally Ann Walters* and *Catherine M. Cola*, Assistant Attorneys General, for appellee.

TYACK, Judge.

In December 1986, Gentle Care Adoption Services, Inc. ("Gentle Care") placed an infant with Dennis and Teresa Grothouse. The couple later sought to become the legal parents of the child and, on June 17, 1987, the Franklin County Court of Common Pleas, Probate Division, issued a final decree of adoption. Over two years later, Michael Lucas, a man claiming to be the birth father of the adopted child, entered the Local Registrar's Office of the Cleveland City Health Department ("Local Registrar") and gained access to an index which allowed him to ascertain the location of the Grothouse infant by reading through the blackout of an entry referring to the original birth record.

The disclosure of confidential information relating to the child's adoption prompted the Grothouses and Gentle Care to file a complaint against the Local Registrar and the Ohio Department of Health ("ODH") in the Court of Claims of Ohio. The Grothouses and Gentle Care also sued the Local Registrar in the Cuyahoga County Court of Common Pleas, which dismissed the latter complaint on the basis of governmental immunity, as provided by R.C. 2744.02(A).

The Local Registrar was dismissed from the Court of Claims action because the Local Registrar was an improper party in that forum. Later, summary judgment was granted on behalf of ODH.

The Grothouses and Gentle Care ("appellants") have timely appealed. Three errors have been assigned for our consideration:

"I. The Court of Claims erred in granting appellee's motion for summary judgment, as appellee was unable to establish that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law.

"II. The Court of Claims erred, by virtue of its grant of appellee's motion for summary judgment, in allowing appellee to claim the defense of the public duty doctrine.

"III. The Court of Claims erred, by virtue of its grant of appellee's motion for summary judgment, in not finding that appellants were owed a special duty by appellee and that appellee breached that duty."

Because the issues heavily overlap, all three assignments of error shall be addressed together.

Civ.R. 56(C) provides the standard for summary judgment:

" * * *  Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * * "

ODH supported its motion for summary judgment with the deposition of John Conner, Chief of the Office of Vital Statistics, and with the affidavit of Marianne Gomez, the Cleveland Local Registrar.  This evidence revealed that the entire staff of the Local Registrar was hired and paid by the Cleveland City Health Department, and that ODH had only minimal control over the training of personnel and matters of office security.

Conner testified that ODH, upon receiving notice of the Grothouse adoption from the probate court, removed its copy of the original birth record from its files, replaced it with a new birth record, removed index references to the old record, and sealed the original birth record and index references in an envelope before securing the envelope in a vault.  ODH sent a copy of the new record to the Local Registrar, and also enclosed a cover sheet explaining what steps were to be taken with any records and index references which were in the Local Registrar's possession.  The cover sheet called for the Local Registrar to " * * * remove copy of original birth certificate and all index references thereto from your files[,] * * * " and added instructions to "[d]estroy such records by a method which will insure that they will not get into the hands of unauthorized persons."

Gomez's affidavit notes that the Local Registrar had earlier received a copy of the ODH "Vital Statistics Registration Manual," which was subsequently supplemented with memoranda concerning proper recording procedures.  The evidence also indicates that upon receiving a copy of the Grothouse infant's birth record, the Local Registrar removed and destroyed the original record

and attempted to destroy the old index reference with a black permanent marker.

These facts, as presented by ODH in conformance with the "personal knowledge" requirement of Civ.R. 56(E), are not at variance with the allegations set forth in appellants' complaint. Appellants did not file any affidavits or other evidence to contest the motion for summary judgment. Appellants therefore failed to meet their burden under Civ.R. 56(E), which provides that the nonmoving party " * * * must set forth specific facts showing that there is a genuine issue for trial. * * * " Civ.R. 56(E) concludes that, in the event of such a failure to respond, a motion for summary judgment shall be granted when otherwise appropriate. These requirements have been amplified in the recent case of *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. * * * " *Id.* at paragraph three of the syllabus. Therefore, no genuine issue of material fact was demonstrated before the trial court and, hence, no genuine issue of material fact is present on appeal. Thus, our task is only to determine if ODH was entitled to judgment as a matter of law.

■ Appellants claim that the provisions of R.C. 3107.17, 3705.12 (formerly 3705.18), and 3705.02 (formerly 3705.01) charged ODH with a duty to ensure that all adoption records pertaining to the Grothouse infant be kept confidential and to destroy all records which might result in a breach of this privacy. We find that ODH is obliged to maintain the confidentiality of its own records and indices, and to take reasonable steps to ensure confidentiality of the records in the hands of local registrars, but the agency cannot be held liable for failing to ensure the security of records and references which are in the possession of local registrars.

Addressing the statutes individually, R.C. 3107.17(B) states, in relevant part:

"All papers, books, and records pertaining to * * * an adoption, whether part of the permanent record of the court or of a file in the department of human services or in an agency, are * * * subject to inspection only upon consent of the court."

The statute goes on to provide general instructions for confidentiality but does not impose a particular duty upon ODH to ensure that local registrars do not err. Consequently, R.C. 3107.17(B) alone cannot be interpreted as a statutory source of the liability alleged against ODH.

R.C. 3705.12(A)(1) and (A)(2) direct ODH, upon receipt of a certificate of adoption from the probate court, to issue a new birth record, remove the original birth record and index references from the public record, and to seal the old birth record and certificate of adoption in an envelope. It is uncontroverted that ODH performed each of these duties in handling the documentation related to the adoption of the Grothouse infant. Once again, no basis for liability is to be found.

R.C. 3705.12(A)(3) establishes the relationship between ODH and local registrars:

"The department of health shall promptly forward a copy of the new birth record to the local registrar of vital statistics of the district in which the birth occurred. The local registrar shall file a copy of the new birth record along with and in the same manner as the other copies of birth records in his possession. All copies of the original birth record and all other papers, documents, and index references pertaining to the original birth record in the possession of the local registrar or the probate court shall be destroyed, except that the probate court shall retain permanently in the file of the adoption proceedings information that is necessary to enable the court to identify both the child's original birth record and his new birth record."

This language also does not require ODH to ensure that the local registrar destroys old index references.

Finally, R.C. 3705.02 provides, in relevant part, that ODH shall " * * * enforce sections 3705.01 to 3705.29 of the Revised Code, and prepare and issue instructions necessary to secure the uniform observance of such sections. * * * " This statute is general in nature, and does not compel ODH to exert complete control over the local registrars, nor does it provide a direct duty from ODH to adopting parents. The general duty placed upon ODH was adequately fulfilled by the actions of ODH in providing the Local Registrar with a procedural cover sheet, a copy of the "Vital Statistics Registration Manual," and supplemental memoranda. As a result, we cannot find that any of the Revised Code sections cited by appellants create a duty on the part of ODH to monitor and dictate every action taken by local registrars such that ODH would be liable for the lapse demonstrated in the situation of appellants.

In addition, any ambiguity in R.C. 3705.12(A)(3) or 3705.02 does not vest in ODH the responsibility to destroy the old birth records in the hands of local registrars. However, even if such a duty were read into the statutes, the duty would not provide appellants with a right to recovery against ODH. As the Supreme Court of Ohio held in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, "[w]hen a duty which the law imposes upon a public official is a duty to the public, a failure to perform it, or an inadequate or

erroneous performance, is generally a public and not an individual injury." *Id.* at paragraph two of the syllabus. The words of appellants' second assignment of error notwithstanding, a duty relating to the registration of vital statistics is a public duty such as addressed in *Sawicki*.

Appellants argue that the public duty rule is narrow in scope and has been applied primarily in cases involving law enforcement agencies, but appellants are incorrect. While *Sawicki* and its progeny have invoked the public duty rule to evaluate the responsibilities owed by municipal police, fire and life squad departments to the general populace, *Sawicki* is far more broad. In fact, given the codification of municipal sovereign immunity in R.C. 2744.02, the public duty rule may now apply only to state agencies and departments. Thus, within the last year, the Ohio Supreme Court has held that the public duty rule controlled the interpretation of a statute empowering the *state* to liquidate an insolvent health maintenance organization. See *Anderson v. Ohio Dept. of Ins.* (1991), 58 Ohio St.3d 215, 569 N.E.2d 1042. And, most recently, the Supreme Court has used the rule to determine the liability of the *state* in situations stemming from the assessment of the taxable property of a public utility. See *Ashland Cty. Bd. of Commrs. v. Ohio Dept. of Taxation* (1992), 63 Ohio St.3d 648, 590 N.E.2d 730.

*Ashland Cty. Bd. of Commrs.* is also notable for its holding that "[p]ublic duties will not form the basis for liability to any * * * individuals in the absence of a special relationship. * * *" *Id.* at 654, 590 N.E.2d at 735. Appellants argue in their third assignment of error that the Court of Claims erred in not finding that ODH owed such a special duty to appellants. This argument also fails when subjected to scrutiny.

■ In order to establish a special duty, four elements must be shown to exist:

"(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Sawicki, supra,* at paragraph four of the syllabus.

■ As discussed above, we cannot find that ODH assumed an affirmative duty to act on behalf of appellants. This conclusion alone is dispositive of the third assignment of error, since it not only demonstrates that the first element is not present, but also precludes a finding of appellants' justifiable reliance upon any promises or actions taken by ODH.

In addition, there was no direct contact between appellants and ODH. The statutory channels of R.C. 3705.12 through which the birth records navigated did not provide for any communication between appellants and ODH. Thus, we cannot find that the second and third elements of the special duty test are present, and must conclude that appellants were not entitled to a special duty from ODH.

In sum, appellants have failed to establish any issue of material fact, and ODH is entitled to judgment as a matter of law. Therefore, the granting of summary judgment in favor of ODH was appropriate.

The assignments of error having been overruled, the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.