DECISION
Lewis G. Robinson and Valenteen Robinson, plaintiffs-appellants, appeal an October 8, 1998 judgment of the Court of Claims of Ohio dismissing appellants' complaint pursuant to Civ.R. 12(B) (6).
According to appellants' complaint filed with the Court of Claims, this case arises from Mr. Robinson's dissatisfaction with the services of an attorney, Jeffrey G. Gerber, who represented Mr. Robinson in a suit against Bank One in Cuyahoga County in 1989. Judge Lesley Brooks Wells was assigned to this case. Although Mr. Robinson and attorney Gerber had a written agreement that they would not enter into any settlement for less than $20,000, attorney Gerber accepted a settlement offer from Bank One's attorney, Howard E. Coburn, for $7,500. Appellants alleged that in order to effectuate a settlement against Mr. Robinson's wishes, attorney Gerber filed a petition to have a Guardian ad litem appointed to accept the settlement on Mr. Robinson's behalf. Judge Lesley Brooks Wells determined that Mr. Robinson was incompetent and appointed a Guardian ad litem, attorney John A. Carmosino, who then accepted the settlement on Mr. Robinson's behalf. After these events, Mr. Robinson began to file complaints and letters with the Cuyahoga County Bar Association and the Ohio Disciplinary Counsel ("ODC"), defendant-appellee. In 1992, Mr. Robinson filed a complaint with the ODC regarding Judge Wells. In a letter to Mr. Robinson, dated July 30, 1992, the ODC found that disciplinary action was not warranted under the facts presented, and the ODC dismissed Mr. Robinson's complaint. In 1993, Mr. Robinson filed another complaint with the ODC regarding attorneys Gerber and Charles Zagara. The record is not clear as to the identity of Charles Zagara. In a letter to Mr. Robinson, dated July 22, 1993, the ODC found no specific violations that could be construed to suggest a violation of the Code of Professional Responsibility or the Code of Judicial Conduct, and the ODC dismissed the complaint. In April 1998, Mr. Robinson filed another complaint with the ODC against Judge Wells and attorneys Gerber, Carmosino, Coburn, and Robert C. Wentz. Robert C. Wentz represented attorney Gerber in an action by appellants in the Cuyahoga County Court of Common Pleas. Again, the ODC found no violations by these individuals and dismissed Mr. Robinson's complaint.
On August 10, 1998, appellants filed a complaint against the ODC, alleging that employees of ODC were negligent in their failure "to investigate, validate, and issue sanctions against the various attorneys and judge[s] named in the several complaints filed by Plaintiff Robinson during the past seven years." On September 1, 1998, appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B) (6), alleging that it failed to state a claim upon which relief may be granted. On September 21, 1998, appellants filed an amended complaint which added claims against appellee for constitutional and civil rights violations pursuant to Section 1983, Title 42, U.S. Code.
On October 8, 1998, the Court of Claims filed an entry dismissing appellants' complaint. The Court of Claims found that the ODC was entitled to immunity because its decisions regarding Mr. Robinson's grievances were discretionary functions of a governmental office. The Court further found that it lacked jurisdiction over Section 1983, Title 42, U.S. Code claims.
Appellants appealed the dismissal entry of the Court of Claims on November 6, 1998. We sua sponte struck appellants' brief on January 6, 1999, for failure to comply with the form requirements of App.R. 16 and Loc.R. 7. Appellants were given until January 15, 1999 to file a brief that fully complied with those rules. Appellants filed another brief on January 19, 1999, which also failed to comply with the appellate rules. Appellants filed a corrected brief on February 4, 1999.
Appellants assign the following assignment of error:
 [T]he Trial Court [erred in] dismiss[ing] Plaintiff's complaint sua sponte based upon the absolute immunity of the Disciplinary Counsel from any liability.
Appellants argue that the trial court erred in dismissing their complaint pursuant to Civ.R. 12(B) (6) because the ODC was functioning in an investigative capacity when it committed the alleged acts of negligence, and absolute immunity only protects public officials if they are functioning in a discretionary, judicial, or prosecutorial capacity. A motion to dismiss for failure to state a claim can only be granted when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." Cleveland Elec.Illum. Co. v. Public Util. Comm. (1996), 76 Ohio St.3d 521, 524, citing O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 245. Further, the factual allegations of the complaint as well as all reasonable inferences derived therefrom must be taken as true when addressing a motion to dismiss pursuant to Civ.R. 12(B) (6). Vail v. The Plain Dealer Publishing Co.
(1995), 72 Ohio St.3d 279, 280. In resolving a motion to dismiss for failure to state a claim upon which relief can be granted, a trial court may only look to the complaint to determine whether the allegations are legally sufficient to state a claim. State exrel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545,548. A trial court may not use the motion to summarily review the merits of the cause of action. State ex. rel.Martinelli v. Corrigan (1994), 68 Ohio St.3d 362, 363.
Appellate review of a ruling on a motion to dismiss for failure to state a claim presents a question of law. ClevelandElec. Illum. Co., at 523. Thus, we address this matter using a denovo standard of review.
First we note that appellants make numerous arguments and cite numerous cases and examples in support of their contention that the ODC had an affirmative duty to investigate the parties against whom Mr. Robinson filed his complaints. However, whether the ODC should have investigated such allegations by Mr. Robinson is not at issue in the present case. The sole issue that we must decide is whether appellants can properly maintain an action in negligence against the ODC for failing to investigate and issue sanctions against an attorney or judge against whom a complaint has been filed.
In Reynolds v. State (1984), 14 Ohio St.3d 68, the Supreme Court of Ohio held that "the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." Id. at paragraph one of the syllabus. It is clear in this case that the basic function to be performed by the ODC falls within this category. The decision as to whether to dismiss a complaint based upon a review of such complaint is clearly a function involving a high degree of discretion.
The Court in Reynolds further stated that "once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." Id.
However, even if we were to find that the ODC had acted in a negligent manner in performing or failing to perform its duty to investigate, appellants could not maintain their cause of action unless the ODC owed a special duty to appellants that was separate and distinct from the duty the ODC owed to members of the general public. It is well settled that the breach of a general duty to the public by a governmental entity does not give rise to a private claim of relief. Sawicki v. Ottawa Hills (1988), 37 Ohio St.3d 222. In Sawicki, the Supreme Court held:
 In order to demonstrate a special duty or relationship, the following elements must be shown to exist: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.
Id. at paragraph four of the syllabus. In the present case, there is no assumption of an affirmative duty to act on behalf of appellant. The purpose of disciplinary actions is to protect the public, not private individuals, and to ensure that members of the bar are competent to practice a profession imbued with the public trust. Disciplinary Counsel v. Trumbo (1996), 76 Ohio St.3d 369;Ohio State Bar Assn. v. Weaver (1975), 41 Ohio St.2d 97, 100. Thus, it is clear that the ODC has no duty to appellants to act on their individual behalf. It is a fundamental tenet of law that upon failure to demonstrate an individual duty, as opposed to a public duty, no cause of action can lie for negligence. SeeSawicki, at 230. Therefore, because the ODC owed no special duty to appellant that was separate and distinct from its duty owed to members of the general public, appellant cannot maintain an action in negligence against the ODC.
Further, in Anderson v. Ohio Dept. of Ins. (1991),58 Ohio St.3d 215, the Supreme Court analyzed the situation in which a governmental agency had used a high degree of discretion in making a decision, but, from the face of the complaint, it had negligently implemented that decision. In analyzing the liability of the state, the Court in Anderson affirmed the dismissal of the action on the basis of the public duty doctrine as stated inSawicki. See Anderson, at 217.
In addition, every wrong committed by the state does not give rise to a private cause for damages, and a violation of the Disciplinary Rules does not, in itself, create a private cause of action. Am. Express Travel Related Serv. Co., Inc. v. Mandilakis
(1996), 111 Ohio App.3d 160. As the Supreme Court of Ohio stated in Anderson:
 "* * * There is no public policy requiring government to guarantee the success of its efforts. When the government entity is performing a self-imposed protective function * * *, the individual citizen has no right to demand recourse against it though he is injured by its failure to efficiently perform such function. Any ruling to the contrary would tend to constitute the Commonwealth an insurer of the quality of services its many agents perform and serve only to stifle government's attempts to provide needed services to the public which could be otherwise effectively supplied."
Anderson, at 219, quoting Commonwealth Dept. of Banking Securities v. Brown (1980), 605 S.W.2d 497.
We addressed an analogous case in Schweisberger v.Medical Bd. of State of Ohio (April 8, 1993), Franklin App. No. 92AP-1766, unreported (1993 Opinions 1324), and resolved it using the precise analysis indicated above. In Schweisberger, an individual plaintiff brought a negligence action against the Medical Board of the State of Ohio, claiming that the medical board was negligent in failing to, among other things, discipline a doctor even though more than sixty complaints of medical malpractice had been filed against him. The Court of Claims of Ohio dismissed the action pursuant to Civ.R. 12(B) (6). On appeal, the plaintiff asserted five assignments of error, including the argument that the trial court erred in dismissing the negligence claim because the failure of the medical board to complete its investigation did not involve a high degree of official judgment or discretion. Following Anderson, Reynolds, and Sawicki, and using the same analysis as applied above, we affirmed the decision of the Court of Claims, finding that (1) the basic function performed by the medical board in investigating and prosecuting disciplinary complaints against doctors was one involving a high degree of discretion; and (2) even if the medical board was negligent in implementing its discretionary decisions regarding investigation and prosecution, the duty of the medical board relating to disciplinary actions against doctors is one owed to the general public, not individuals, and, therefore, the appellant could not maintain an action in negligence.
Accordingly, appellants' sole assignment of error is overruled. The judgment of the Court of Claims of Ohio dismissing appellants' complaint is affirmed.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.