McMANAMON, Appellant,

v.

OHIO DEPARTMENT OF INSURANCE et al., Appellees.

[Cite as *McManamon v. Ohio Dept. of Ins.*, 179 Ohio App.3d 776, 2008-Ohio-6958.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–390.

Decided Dec. 31, 2008.

Kenneth F. Seminatore, for appellant.

Nancy H. Rogers, Attorney General, and William Scott Myers, for appellee Ohio Department of Insurance.

Ulmer & Berne, L.L.P., and Christopher P. Fisher, for appellee Calfee, Halter & Griswold, L.L.P.

Peggy Bryant, Judge.

{¶ 1} Plaintiff-appellant, Thomas F. McManamon, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion of defendants-appellees, the Ohio Department of Insurance ("ODI"), Calfee, Halter & Griswold ("Calfee"), and ODI employees David S. Meyer and John Doe, for lack of subject-matter jurisdiction. Plaintiff assigns a single error on appeal:

> The trial court's decision dismissing the complaint against the superintendent of insurance, as liquidator, in reliance on O.R.C. § 3903.24(a) immunity is in error where the order of liquidation appointing the liquidator was procured by fraud.

Because the trial court properly dismissed plaintiff's complaint, we affirm.

{¶ 2} The allegations of plaintiff's complaint have their roots in the liquidation of P.I.E. Mutual Insurance Company ("PIE"). According to plaintiff's complaint, plaintiff sold his insurance agency to a PIE subsidiary in 1994 and in return received a multi-year employment contract. PIE soon after experienced problems, and in December 1997 it was ordered into rehabilitation under the Ohio Insurers Rehabilitation and Liquidation Act. The rehabilitation phase terminated on March 23, 1998, when PIE was ordered into liquidation; the order of liquidation appointed the superintendent of ODI as liquidator.

{¶ 3} During the liquidation process, plaintiff's employer, Provider's Insurance Agency, Inc. ("PIA"), was consolidated into the PIE estate. Plaintiff's employment contract subsequently was disavowed pursuant to the liquidator's power under R.C. 3903.21(A)(11). As a result, plaintiff argues, he was not fully compensated for the sale of his insurance agency to PIE.

{¶ 4} On December 3, 2004, plaintiff filed a complaint seeking money damages in the Franklin County Court of Common Pleas. Plaintiff alleged that the liquidation was wrongful because PIE was never insolvent, but instead its liquidation was procured through defendants' fraud both before and after the liquidation order. Thus, some of plaintiff's claims challenged ODI's actions in its role as regulator prior to the liquidation order, while others addressed ODI's role as liquidator during the post-liquidation-order phase of the proceedings. Meyer was named as a defendant because, as an assistant director of ODI, he supervised the Office of Financial Regulation Services; Calfee was sued in its capacity as counsel for the liquidator.

{¶ 5} On February 1, 2005, ODI responded to the complaint with a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6), as well as a motion for summary judgment pursuant to Civ.R. 56. Calfee likewise filed a Civ.R. 12(B)(6) motion to dismiss on February 10, 2005. Treating the pending motions as addressing all defendants, the trial court dismissed plaintiff's complaint on April 17, 2008. The court concluded that all claims based on "acts the Superintendent took as Liquidator are barred as a matter of law and must be dismissed" because the General Assembly granted ODI, as liquidator, "complete immunity" pursuant to R.C. 3903.24(A). At the same time, the court determined "[a]ll claims based on acts the Superintendent took as Regulator are within the exclusive jurisdiction of the court of claims" pursuant to R.C. 2743.03(A)(1) and also "must be dismissed."

{¶ 6} In his single assignment of error, plaintiff contends that R.C. 3903.24(A) does not protect ODI as liquidator from lawsuits where the claims are premised on the liquidator's alleged fraud in procuring and continuing the liquidation. Because plaintiff's assignment of error does not address or contest the trial court's decision to treat all defendants as if they were ODI when it determined defendants' motions to dismiss, we also will treat all defendants the same as ODI in resolving the contentions arising from plaintiff's assigned error.

{¶ 7} In order for a trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Shockey v. Wilkinson* (1994), 96 Ohio App.3d 91, 93, 644 N.E.2d 686, citing *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. Furthermore, in construing the complaint, the trial court "must presume the truth of all the factual allegations of the complaint and make all reasonable inferences in favor of the nonmoving party." *Shockey* at 94, 644 N.E.2d 686. The dismissal of a complaint pursuant to Civ.R. 12(B)(6) presents a question of law that we review de novo. Id.

{¶ 8} Before addressing the specifics of plaintiff's assigned error, we note that ODI wears two different hats in a rehabilitation proceeding that ultimately results in liquidation. Until ODI is named to serve as the liquidator through a liquidation order, the superintendent serves as a regulator subject to suit under the usual principles that apply to actions against the state. *Benjamin v. Ernst & Young, L.L.P.,* Franklin App. No. 04AP–799, 167 Ohio App.3d 350, 2006-Ohio-2739, 855 N.E.2d 128, at ¶ 19 (clarifying "that the superintendent as liquidator is a separate entity from the superintendent as regulator"). The trial court thus properly concluded that any action contending ODI, by fraud, led PIE into an unnecessary liquidation may be maintained in the Court of Claims against ODI as regulator. Once, however, a liquidation order is entered, ODI no longer serves as regulator, but as liquidator, and is subject to the protections afforded in R.C. Chapter 3903. Plaintiff's assignment of error asks that we decide whether those protections preclude his fraud complaint against the liquidator.

{¶ 9} R.C. Chapter 3903 provides a comprehensive framework for addressing the supervision, rehabilitation, and liquidation of insurance companies operating in this state. All rights and remedies pertaining to any actions ODI may take in such proceedings are set forth in the statute. The purpose of the chapter, as stated in R.C. 3903.02(D), is "the protection of the interests of insureds, claimants, creditors, and the public generally."

{¶ 10} ODI may initiate liquidation proceedings against an insurer by filing either a complaint or a motion for liquidation. See R.C. 3903.16 and 3903.17. R.C. 3903.17 sets forth three grounds on which ODI may seek a liquidation order: (1) upon any of the grounds for rehabilitation specified in R.C. 3903.12, (2) the insurer is insolvent, or (3) the insurer is in such condition that the further transaction of business would be hazardous, financially or otherwise, to its policyholders, its creditors, or the public. The statute contemplates that the insurer will mount any challenges to the motion or complaint for liquidation and requires the court considering the liquidation order to "permit the directors of the insurer to take such actions as are reasonably necessary to defend against the motion and may order payment from the estate of the insurer of such costs and other expenses of defense as justice may require." R.C. 3903.16(A).

{¶ 11} Although acknowledging the adversarial process set forth in the statute, plaintiff contends that ODI failed to properly operate in this case, as it "misled and extorted" PIE's board "to acquiesce and withdraw any objection to the Liquidation Proceedings." Plaintiff's complaint similarly alleges that the liquidator and its agents committed fraud when they persuaded him to enter into a settlement agreement in which he waived his objection to consolidating PIE's subsidiaries, including PIA, into the parent company for the purpose of liquidation. Plaintiff contends that in exchange for waiving his objection, though not

his proof of claim, he and three other objectors received the sum total of $150,000 from PIE's estate. Given those circumstances, plaintiff maintains that he can sue the liquidator for fraud.

{¶ 12} The statutory scheme does not contemplate that plaintiff be able to sue the liquidator. To the contrary, R.C. 3903.24(A) states that "[u]pon entry of an order appointing a liquidator of a domestic insurer * * * no civil action shall be commenced against the insurer or liquidator." The statute does not except actions for fraud, even though it acknowledges review of the liquidator's actions under R.C. 3903.09. Because the legislature carved out an exception under R.C. 3903.09, the absence of an exception for fraud undermines plaintiff's contentions that fraud, too, should be an exception to the immunity that R.C. 3903.24(A) grants. As the trial court properly concluded, R.C. 3903.24(A) bars plaintiff's complaint.

{¶ 13} Nor do the exceptions in R.C. 3903.09 afford plaintiff an avenue to sue the liquidator. R.C. 3903.09 provides several remedies when irregularities arise during the implementation of an insurer's liquidation. *Anderson v. Ohio Dept. of Ins.* (1991), 58 Ohio St.3d 215, 219, 569 N.E.2d 1042, overruled on other grounds in *Wallace v. Ohio Dept. of Commerce* (2002), 96 Ohio St.3d 266, 773 N.E.2d 1018. Specifically, as the insurer whose liquidation was being implemented, PIE could have (1) requested a hearing pursuant to R.C. 3903.09(F)(1), (2) applied immediately for judicial relief pursuant to R.C. 3903.09(F)(2), or (3) as R.C. 3903.09(G) permits, requested that the superintendent review under R.C. 3903.17 any action a supervisor took. *Anderson.*

{¶ 14} Although plaintiff maintains a proof of claim, plaintiff's complaint does not seek an R.C. 3903.39 hearing relating to his proof of claim. See R.C. 3903.35 and 3903.39 (allowing a claimant to file a proof of claim under R.C. 3903.35, file an objection if the liquidator denies a claim in whole or in part, and then requiring the liquidator, if it does not sustain the objection, to seek from the court a hearing with notice "to the claimant or his attorney and to any other persons directly affected"). Instead, plaintiff wishes to step into PIE's shoes for the purpose of obtaining R.C. 3903.09(F)(2) judicial review of the liquidation order. According to statute, however, only the insurer may initiate, through one of the three options, a challenge to implementing the liquidation order. Because the plain language of R.C. 3903.09 allows only the insurer to utilize these remedies, plaintiff may not rely upon them to challenge the liquidation proceedings.

{¶ 15} In the final analysis, the statutory framework precludes plaintiff's separate complaint against ODI as liquidator. Although plaintiff may sue ODI as regulator in the court of claims, the trial court did not err in granting the Civ.R. 12(B)(6) motion to dismiss: claims against ODI as regulator cannot be maintained in the common pleas court, and R.C. 3903.24 bars claims against ODI as

liquidator in the common pleas court. We therefore overrule plaintiff's single assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

SADLER and BOWMAN, JJ., concur.

BOWMAN, J., retired, of the Tenth Appellate District, sitting by assignment.