SHOCKEY, Appellant,

v.

WILKINSON et al., Appellees.*

[Cite as *Shockey v. Wilkinson* (1994), 96 Ohio App.3d 91.]

Court of Appeals of Ohio,
Fourth District.

No. 93CA1977.

Decided July 5, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1420, 642 N.E.2d 386.

*Michael E. Shockey, pro se.*

*Lee Fisher,* Attorney General, and *Joshua T. Cox,* Assistant Attorney General, for appellees.

STEPHENSON, Judge.

This is an appeal from a judgment of the Ross County Court of Common Pleas dismissing the Section 1983 complaint filed by Michael E. Shockey, plaintiff below and appellant herein, for failure to state a claim upon which relief can be granted, Civ.R. 12(B)(6). Appellant assigns the following error for our review:

"The trial court erred to the prejudice of the plaintiff-appellant for the dismissal of his complaint for declaratory judgment, injunctive relief and money damages pursuant to the Ohio Revised Code, Section 2721.02 and as authorized by Title 42 U.S.C., Section 1983 for issues arising out of Ohio Constitution, Article I, Section 10, United States Constitution, Fifth Amendment—Self Incrimination and the Due Course of Law of the Ohio Constitution Article I, Section 16, Due Process Clause of the Fourteenth Amendment."

A review of the record reveals the following facts pertinent to this appeal. Appellant is incarcerated in the Chillicothe Correctional Institute ("CCI"). On June 2, 1993, appellant filed a "complaint for declaratory judgment, injunctive

relief and money damages." Named as defendants were Reginald A. Wilkinson, Director of the Department of Corrections; Terry Morris, Warden at CCI; Earl Stump, Director of Psychological Services; Kenith Eberts, Director of Social Services; and Margarette Ghee, Chairman of the Ohio Adult Parole Authority. Appellant asserted that his action was being brought pursuant to Section 1983, Title 42, U.S.Code. Appellant's complaint alleged that (1) he is currently an inmate at CCI; (2) Polaris is a voluntary program for sex offenders; (3) he is refusing participation in the Polaris Program because he would have to abandon his Fifth Amendment right against self-incrimination; (4) participants in the Polaris Program are segregated from the rest of the prison population, in violation of his rights under the Fourteenth Amendment Equal Protection Clause; and (5) his refusal to participate in the Polaris Program is being used against him in that he is being denied favorable minimum security status and, more important, release on parole, in violation of his rights under the Fifth and Fourteenth Amendments. Appellant sought injunctive relief and an aggregate award of $625,000 in compensatory and punitive damages. Attached to appellant's complaint as exhibits were (1) a copy of the Polaris Program Resident Contract; (2) a copy of Ohio Adm.Code 5120:2–1–01; (3) a copy of an informal complaint resolution filed by appellant with appellee Stump; (4) a copy of a notification of grievance filed by appellant; (5) a copy of the affidavit of one Virgil J. Snowden; (6) a copy of a Parole Board risk assessment/aggregate score from a hearing date of March 26, 1993; and (7) a copy of a grievance filed against CCI Warden Terry Morris.

On July 15, 1993, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6).[1] The matter was set for nonoral hearing on August 11, 1993. Subsequently, by entry dated August 17, 1993, the court granted appellees' motion and ordered appellant's complaint dismissed. This appeal follows.

In his sole assignment of error, appellant asserts the court erred in dismissing his complaint for failure to state a claim upon which relief can be granted. More specifically, appellant argues that by denying him release on parole on the grounds that he has not participated in the Polaris Program, appellees have violated his rights against self-incrimination under the Fifth Amendment to the United States Constitution.

In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

---

1. On August 4, 1993, appellee Stump filed his Civ.R. 12(B)(6) motion to dismiss, which had apparently been omitted from appellees' earlier Civ.R. 12(B)(6) motion through oversight or inadvertence.

*York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 745–755. In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all the factual allegations of the complaint and make all reasonable inferences in favor of the nonmoving party. *York, supra,* 60 Ohio St.3d at 144, 573 N.E.2d at 1064–1065. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. Appellate review of a court's ruling on a Civ.R. 12(B)(6) motion presents a question of law which we determine independently of the trial court's decision. See, *e.g., Ford v. Littlefield* (Dec. 14, 1993), Pickaway App. No. 93CA9, unreported, 1993 WL 525004.

■ A complaint alleging Section 1983 as the basis for the action must meet two requirements. First, there must be an allegation that the conduct in question was performed by a person acting under color of state law. Second, that conduct must have deprived the plaintiff of a federal right. *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 199, 513 N.E.2d 288, 296. See, also, *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862, 869; *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407, 410; *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 459.

■ From the record before us, it appears that appellant was indicted in January 1977 on one count of felonious assault, one count of kidnapping, and one count of rape. Pursuant to a plea bargain, appellant pleaded guilty to the kidnapping charge and the two remaining charges were dropped. Appellant was eventually incarcerated at CCI.

The Polaris Program is available to CCI inmates who are sex offenders. The program is not mandatory, but rather relies on voluntary participation. Prison authorities determined that appellant's offense was rooted, in part, in sexual motivation and he was offered the opportunity to participate in the Polaris Program. Appellant declined to participate and consequently received unfavorable reviews on his parole applications.

Participants in the Polaris Program must agree to abide by certain conditions, including the following, which are set forth in the resident contract:

"B. Program participants shall:

" * * *

"2. Meet participation criteria as follows:

" * * *

"b. Agree to become completely honest and assume full responsibility for your offenses and your behavior.

"c. Sign consent to be videotaped FOR THE PURPOSE OF SUPERVISION AND EVALUATION OF SESSIONS."

In addition, the contract states:

"Information given treatment team members in individual or group sessions will not be given to individuals who are not on the Sex Offender Treatment Staff without the participant's written consent, unless state or federal law mandates release of that information or there is a clear indication that the participant is in danger of physically harming himself or someone else. Identities of victims of sexual offenses—prosecuted or unprosecuted—will be reported."

Thus, it would appear that a participant in the Polaris Program must be willing to admit all sex offenses which he has committed and that these admissions will be reported.

Appellant maintains that he is being discriminated against by the Parole Board because he refuses to participate in the Polaris Program. He states that participation in the Polaris Program requires that a participant give up his right against self-incrimination because participants must agree to acknowledge their offenses and accept responsibility for them. The gravamen of appellant's argument appears to be that he "should not be forced to enter into such program to gain parole." Appellees respond that the fact that appellant has voluntarily refused to participate in the Polaris Program, for whatever reason, does not implicate the Fifth Amendment. We agree, albeit for reasons other than those posited by appellees.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." In *Russell v. Eaves* (E.D.Mo. 1989), 722 F.Supp. 558, the court held a similar condition of the Missouri Sexual Offender Program ("MOSOP") did not violate a prisoner's right to be free from coerced self-incrimination because MOSOP is not a criminal proceeding, but rather a clinical rehabilitative program, and the prisoner's "testimony" is not compelled in that he can refuse to participate in MOSOP. *Id.* at 560. Similarly, in *Henderson v. State* (Fla.App.1989), 543 So.2d 344, the court held that even if the requirement of the rule that the prisoner accept responsibility for his behavior "impinged on Fifth Amendment rights," the inmate is not compelled to incriminate himself because he may choose not to participate in the sex offender program. *Id.* at 346. See, also, *State v. Donnelly* (1990), 244 Mont. 371, 798 P.2d 89.

In the case *sub judice,* appellant asserts in his Section 1983 complaint that participation in the Polaris Program is voluntary. Thus, based upon the foregoing, we find that appellant is not being compelled to admit to offenses in violation of his Fifth Amendment right to be free from self-incrimination. The court did

not err in granting appellees' Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted where appellant fails to allege conduct that deprives him of a federal right. See *Cooperman, supra.* Accordingly, appellant's sole assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

PETER B. ABELE, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume that all of the factual allegations in the complaint are true, and all reasonable inferences to be drawn from those facts must be made in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

In *Haines v. Kerner* (1972), 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, in a Section 1983, Title 42, U.S.Code action by a prisoner, the court applied this test to a motion to dismiss for failure to state a claim upon which relief could be granted under the counterpart federal rule. The question is not whether constitutional rights of prisoners can be reasonably regulated, but the focus is upon whether any set of facts could be proven to warrant relief when viewed in light of the familiar rule that incarceration necessarily brings about a limitation of certain constitutional rights. A prisoner retains those rights which are not inconsistent with his status as a prisoner or with the legitimate objectives of the correctional system. *Pell v. Procunier* (1974), 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495.

Appellees argue that a prisoner has no liberty interest in parole, citing *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169, and while that case is good law, it misses the whole point of the allegations in appellant's complaint. While no prisoner has a liberty interest in parole, the state may not adopt a parole procedure which violates equal protection of the law. While parole may be at the grace of the Parole Board, such grace cannot be extended or withheld on discriminatory or unconstitutional grounds.

The rationale of the majority, that there is no constitutional infringement because the program is voluntary, does not hold water. If a parole board decided to grant parole only to those sex offenders who voluntarily entered a program to become good Christians, this court and the courts in *Russell* and *Henderson, supra,* would surely find that such a program was clearly an infringement on the First Amendment right of freedom of religion. The state may not demand that a prisoner give up a constitutional right not related to and a necessary part of his incarceration. If the state makes parole conditional upon acceding to this demand, the program is not voluntary.

In his complaint, Shockey states that he is being discriminated against by the Parole Board because he refuses to participate in the Polaris Program. He states that participation in the Polaris Program requires that the participant give up his right against self-incrimination because, to participate in the program, a volunteer must agree to acknowledge his deeds and to accept responsibility for them. He further argues that participants in the Polaris Program are treated differently from nonparticipants, and are, thus, denied equal protection.

Participants in the Polaris Program must agree to certain conditions such as set out in parts (B)(2)(b) and (c) of the contract for participants as follows:

"b. Agree to become completely honest and assume full responsibility for your offenses and your behavior.

"c. Sign consent to be videotaped FOR THE PURPOSE OF SUPERVISION AND EVALUATION OF SESSIONS."

The contract adds the following disclaimer at the end:

"Information given treatment team members in individual or group sessions will not be given to individuals who are not on the Sex Offender Treatment Staff without the participant's written consent, unless state or federal law mandates release of that information or there is a clear indication that the participant is in danger of physically harming himself or someone else. Identities of victims of sexual offenses—prosecuted or unprosecuted—will be reported."

It would appear then that in the Polaris Program, the participant must be willing to openly admit all sex offenses which he has committed, and that these admissions will be reported. These admissions would be admissible into evidence against the person making them since they are made in the presence of not only the staff but also the other program participants and are recorded on videotape.

The state cites *California v. Byers* (1971), 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9, and *Marchetti v. United States* (1968), 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and argues that to invoke the Fifth Amendment right against self-incrimination a party must be faced with a real and appreciable hazard of self-incrimination.

R.C. 2921.22(A) requires the reporting of felonies generally. For sex offenses against children, R.C. 2151.421 requires that social workers and licensed professional counselors shall report such information to the proper authorities. The staff of the Polaris Program utilizes both social workers and a licensed professional counselor. To participate in the Polaris Program, a prisoner must admit culpability for all crimes, prosecuted and unprosecuted. These admissions must be made before treatment professionals who, once they have knowledge of the offenses, must, by statute, reveal that knowledge to the proper authorities regardless of any program guarantees of confidentiality. The Polaris contract states that the identities of victims of sex crimes, both reported and unreported, will be reported. The possibility of prosecution arising out of statements made as a participant in the Polaris Program is real and appreciable.

I am not unaware of the difficulty the professional staff may have in trying to treat sex offenders, since the first step is for the offender to recognize and admit his problem. The current state of the law of Ohio, however, is directed toward punishment and not treatment. It might be better to allow confidentiality and inadmissibility for admissions made in a treatment setting so that these offenders will not be a danger when they are, invariably, released. This is, however, a policy choice to be made by the legislature, not the courts.

The averments of the complaint, inartfully drawn as they are, state facts which if proven would establish constitutional violations. Shockey has alleged that he is not a sex offender, that he is being compelled to participate in the Polaris Program, that as a participant he must give up his right against self-incrimination, that he is being denied consideration for parole by asserting that right, that the Polaris Program denies equal protection to those who assert their Fifth Amendment rights. Each of these allegations is unanswered and is, for Civ.R. 12(B)(6) purposes, presumed to be true.

Presuming the factual allegations of the complaint to be true and making all reasonable inferences in favor of Shockey, there is a set of facts upon which relief can be granted. By so holding, I am not expressing any view on the merits of appellant's claim, but only that the summary disposition by the sustaining of the Civ.R. 12(B)(6) motion was improper.

Thus, I dissent.