DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Samuel Vitrano and Karen K. Vitrano, his wife, appeal the order and judgment of the Summit County Court of Common Pleas. We affirm.
 I.
In 1992, Mr. Vitrano purchased equipment, furniture, and inventory for a body building gymnasium from, appellee, CWP Limited Partnership ("CWP"). In exchange for the goods, Mr. Vitrano gave CWP a cognovit promissory note and confession of judgment. After learning that CWP did not own the property and, hence, could not transfer it, Mr. and Mrs. Vitrano filed suit in the Summit County Court of Common Pleas naming as defendants appellees CWP, Erie Coast Properties Inc. ("Erie Coast"), and Morton Q. Levin (as president and sole shareholder of Erie Coast), as well as other parties not relevant to the instant action on May 3, 1995 ("the Summit County case"). The Vitranos sought recision of the cognovit promissory note due to fraud. CWP was represented in that action by appellee law firm of Goodman, Weiss, Miller 
Goldfarb, which was comprised of appellees Robert A. Goodman, general partner, Ronald I. Weiss, partner, Steven J. Miller, partner, Bernard S. Goldfarb, partner, Daniel D. Domozick, of counsel, and Matthew J. Morelli, of counsel.
On May 31, 1995, CWP filed a case in the Cuyahoga County Court of Common Pleas seeking judgment on the cognovit note against the Vitranos ("the Cuyahoga County case"). CWP obtained judgment in the Cuyahoga County case. CWP then proffered the Cuyahoga County case judgment in the Summit County case as resjudicata. The Summit County Court of Common Pleas, upon CWP's motion, granted summary judgment to CWP on January 31, 1996 based on the Cuyahoga County case judgment. On August 30, 1996, the Cuyahoga County Court of Common Pleas sua sponte dismissed its judgment in the Cuyahoga County case for want of subject matter jurisdiction. Appellees Kevin L. String and Kevin L. String Co., L.P.A., filed motions which caused garnishments and other forms of attachment to issue in favor of CWP, after transferring the Cuyahoga County case judgment to the Municipal Courts of Cleveland, Akron, and Canton. Presently, the decision in the Cuyahoga County case is on appeal and the Summit County Court of Common Pleas is considering the Vitranos' motion to vacate a void judgment.[1]
Meanwhile, the Vitranos filed an action against Robert Coombs, et al., on August 27, 1996 ("the Coombs case"). The Vitranos settled the Coombs case on August 30, 1996, allowing the defendants thirty days to remit payment in exchange for a release and nondisclosure agreement. On September 26, 1996, CWP, through its attorneys, filed a motion to appoint a receiver in the Summit County case to hold the settlement amount, which the Vitranos were to receive in the Coombs case. The Summit County Court of Common Pleas ordered that the funds be escrowed until a hearing could be held on the appointment of a receiver. On October 30, 1996, after a hearing, the Summit County Court of Common Pleas vacated its order that the funds be held in escrow.
On January 1, 1997, the Vitranos filed a complaint in the Summit County Court of Common Pleas alleging abuse of process and malicious prosecution on the part of the aforementioned appellees in filing the Cuyahoga County case and in filing for a receiver in the Summit County case. The Vitranos filed an amended complaint on June 11, 1997, adding an additional count which alleged malicious interference with contract based on a letter which informed Coombs of the receivership proceeding having interfered with the settlement contract between the defendants in the Coombs case and the Vitranos.
On July 24, 1997, appellees CWP, Erie Coast, Levin, Goodman, Weiss, Miller, Goldfarb, Domozick, Morelli, and the firm of Goodman, Weiss, Miller Goldfarb jointly filed a motion to dismiss the Vitranos' abuse of process and malicious prosecution claims pursuant to Civ.R. 12(B)(6). The trial court granted the motion on January 8, 1998. On August 10, 1998, appellees String and Kevin L. String Co., L.P.A, filed a motion to dismiss the abuse of process and malicious prosecution claims against them pursuant to Civ.R. 12(B)(6). When the trial court granted this motion on September 18, 1998, no claims remained against String or Kevin L. String Co., L.P.A. The only claim remaining from the Vitranos' amended complaint was the tortious interference with contract claim.
Appellants Goodman, Weiss, Miller, Goldfarb, Domozick, Morelli, and the firm of Goodman, Weiss, Miller Goldfarb filed a motion for summary judgment on the remaining tortious interference with contract claim. The trial court granted the motion on January 22, 1999. On February 18, 1999, the trial court granted appellants CWP, Erie Coast, and Levin's motion to be joined in the motion for summary judgment and granted summary judgment in their favor. This appeal followed.
 II.
Appellant asserts four assignments of error.[2] As they implicate the same issues, to facilitate review we will address the first three together.
A.
First Assignment of Error
 THE TRIAL COURT ERRED WHEN IT DISMISSED COUNT ONE AND COUNT TWO OF THE AMENDED COMPLAINT FOR FAILING TO STATE A CAUSE OF ACTION PURSUANT TO CIVIL RULE 12(B)(6).
Second Assignment of Error
 THE TRIAL COURT ERRED WHEN IT DISMISSED COUNT THREE AND COUNT FOUR OF THE AMENDED COMPLAINT FOR FAILING TO STATE A CAUSE OF ACTION PURSUANT TO CIVIL RULE 12(B)(6).
Third Assignment of Error
 THE TRIAL COURT ERRED WHEN IT DISMISSED COUNT FIVE AND COUNT SIX OF THE AMENDED COMPLAINT FOR FAILING TO STATE A CAUSE OF ACTION PURSUANT TO CIVIL RULE 12(B)(6).
The Vitranos assert that the trial court erred by dismissing their malicious prosecution and abuse of process claims. They argue that their amended complaint stated the elements of each claim and, hence, that the trial court's dismissal of those portions of their amended complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) was in error. We disagree.
A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief. Wilson v. State (1995), 101 Ohio App.3d 487,491. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party.Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 93-94. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. MarksmanProds., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760,762.
The torts of abuse of process and malicious civil prosecution are related torts, but form two different causes of action.Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294,296. The tort of abuse of process consists of three elements:
 (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.
(Footnotes omitted.) Id. at paragraph one of the syllabus. The elements[3] of malicious civil prosecution were set forth in Crawford v. Euclid Natl. Bank (1985),19 Ohio St.3d 135, 139 * * *:
 "`(1) malicious institution of prior proceedings against the plaintiff by defendant, * * * (2) lack of probable cause for the filing of the prior lawsuit, * * * (3) termination of the prior proceedings in plaintiff's favor, * * * and (4) seizure of plaintiff's person or property during the course of the prior proceedings * * *.'"
(Citations omitted; second, third, fourth, and fifth alterations original.) Id. at 297, quoting Crawford, 19 Ohio St.3d at 139. If the same facts appear to support both the tort of abuse of process and the tort of malicious civil prosecution, both causes of action may be alleged. Id. at 298. The key to determining which cause of action is present in such cases is whether probable cause was present during the underlying litigation. Id.
The Vitranos' complaint alleged three counts of abuse of process, apparently in the alternative to their malicious civil prosecution claims. The Vitranos did not, however, allege all the necessary elements of abuse of process. An abuse of process claim requires that the underlying "legal proceeding has been set in motion in proper form and with probable cause." Id. In the instant case, however, the Vitranos allege that the underlying legal proceedings were instituted
 without regard for probable cause or the rights of the [Vitranos and were] * * * not warranted under existing law, for which the facts could not and did not support a good faith belief or argument that existing established law should be modified, extended or overruled, which was calculated and deliberate, and designed to, and did, interfere with plaintiffs' separate judicial proceedings, in a manner not contemplated by law and for a purpose not intended by law[.]
Hence, we discern that the Vitranos were alleging that the underlying cause of action had not been set forth with probable cause and in proper form. As the necessary element of probable cause and proper form of the underlying action is not alleged in the complaint, we conclude that it does not state a cause of action for abuse of process. We conclude that the trial court did not err in dismissing counts one, four, and six — the abuse of process claims — for failure to state a claim pursuant to Civ.R. 12(B)(6).
In the alternative, the Vitranos asserted malicious civil prosecution claims, which do not require that the underlying action be instituted with probable cause. Malicious civil prosecution, however, requires "`termination of the prior proceedings in plaintiff's favor[.]'" (Citations omitted.)Yaklevich, 68 Ohio St.3d at 297. The Vitranos base their malicious civil prosecution claim on motions and pleadings filed in two cases, the Summit County case and the Cuyahoga County case. In their amended complaint, the Vitranos allege that the Summit County case is "on the inactive docket [of the Summit County Court of Common Pleas] pending final disposition of the Vitranos' Motionto Vacate Void Judgment (including appeals)[.]" (Emphasis sic.) Moreover, the Cuyahoga County case was "sua sponte dismissed by the [Cuyahoga County Court of Common Pleas] and is currently on appeal." (Emphasis sic.) The underlying action, however, must have been determined in the Vitranos' favor and the disposition must have been on the merits. Broadnax v. Greene Credit Serv.
(1997), 118 Ohio App.3d 881, 888.
In the instant action,[4] the Vitranos allege that the Summit County case was decided on a summary judgment motion by CWP and, at that point, in CWP's favor. Although the Vitranos' motion to vacate void judgment is still pending in that case, we ascertain that the Vitranos' complaint does not allege that they have prevailed in the Summit County case. See Bayer v. Neff (Dec. 29, 1995), Lake App. No. 95-L-044, unreported. Moreover, CWP's motion to appoint a receiver to hold the funds from the Coombs settlement was part of the Summit County case. Furthermore, the trial court dismissed the Cuyahoga County case for want of subject matter jurisdiction, and it is currently on appeal. Hence, even if we were to assume that the Vitranos prevail on appeal in the Cuyahoga County case, they do not allege that they prevailed on the merits but, rather, that the trial court lacked subject matter jurisdiction to consider the merits. We conclude, therefore, that the Vitranos complaint did not allege that they prevailed on the merits in either case, but rather, alleged that they did not. Hence, the trial court properly dismissed the Vitranos' malicious civil prosecution claims in counts three, four, and five of their amended complaint under Civ.R. 12(B)(6). The Vitranos' first, second, and third assignments of error are overruled.
B.
Fourth Assignment of Error
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS SUMMARY JUDGMENT ON COUNT SEVEN OF THE AMENDED COMPLAINT PURSUANT TO CIVIL RULE 56.
The Vitranos assert that summary judgment is not appropriate, as they have shown that material facts remain in dispute and that they have produced evidence on each element of tortious interference with contract. Moreover, the Vitranos argue that they have pointed to statements in the record which, when viewed most strongly in their favor, tend to show that the filing of the motion to appoint a receiver in the Summit County case caused the settlement contract in the Coombs case to be breached. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
Where, however, a party fails to make a showing of evidence as to the existence of an essential element of their cause of action, "`there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Dresher, 75 Ohio St.3d at 288, quoting CelotexCorp. v. Catrett (1986), 477 U.S. 317, 322-23, 91 L.Ed.2d 265,273.
Tortious interference with contract consists of five elements:
 (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages.
Fred Siegel Co., L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, paragraph one of the syllabus, affirming and following Kentyv. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, paragraph two of the syllabus. Furthermore, a causal connection must be established between the breach of contract and the actions of the defendant. Metro. Life Ins. Co. v. Triskett Illinois, Inc.
(1994), 97 Ohio App.3d 228, 236, citing Contadino v. Tilow (1990),68 Ohio App.3d 463.
The evidence, construed in a light most favorable to the Vitranos, failed to establish a causal link between appellees' actions and the breach of contract, if any. The trial court granted summary judgment based on the lack of a breach in the contract, but we conclude that summary judgment was proper based upon the lack of evidence that appellees procured or caused the breach. The affidavits and other evidence which is properly considered under a summary judgment motion shows only that the contract was not performed within the specified time of thirty days due to the failure of the Vitranos and Mr. Reed, who was to prepare the nondisclosure agreement and release, to prepare and tender these documents to Mr. Coombs in exchange for the agreed upon settlement amount. The defendants in the Coombs case were to remit the settlement amount on or before September 30, 1996. Moreover, the nondisclosure agreement and release were to have been prepared by Mr. Reed for the Vitranos to execute before that date as well. The only evidence on this issue shows, however, that the documents were not prepared and executed by the Vitranos until October 16, 1996. Mr. Coombs paid the settlement amount to their attorney who held it in escrow until October 30, 1996, when the motion for the appointment of a receiver in the Summit County case was denied and the escrow order vacated. Hence, we conclude that no material issue remains to be litigated as to the cause of the breach. The evidence presented not only fails to show that the appellees caused the alleged breach, but rather, affirmatively shows that the alleged breach was caused by the failure to tender the release and nondisclosure agreement. Furthermore, the Vitranos point to no evidence, which is properly considered in summary judgment, to contradict this.
Therefore, we adduce that any breach in contract, assumingarguendo that such a breach occurred, was not shown to be caused by the filing of the motion to appoint a receiver in the Summit County case or the letter sent by appellees to Coombs's attorney, apprising him of the pending motion. Moreover, appellees have pointed to evidence in the record that disproves a causal link with the breach. Hence, we conclude that the trial court properly granted summary judgment to appellees because the Vitranos failed to show that appellees' actions caused the delay in the tender of the settlement money by Coombs, causing the alleged breach of contract.[5] The Vitranos' fourth assignment of error is overruled.
 III.
The Vitranos' four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
SLABY, P.J. and WHITMORE, J. CONCUR
[1] As this case comes before us on a 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted we must consider only the pleadings in determining the facts of the case, although further adjudication has occurred.
[2] Appellees CWP, Erie Coast, and Levin, assert what they term a "cross-assignment" of error. As appellees did not set forth any argument on the "cross-assignment" of error, we decline to review it. App.R. 16(A)(7).
[3] A malicious civil prosecution claim against an attorney has been held to consist of three elements:
 (a) the attorney acted maliciously or knew beyond any reasonable doubt that his clients were motivated solely by malice in bringing proceedings against the plaintiff; (b) the attorney did not have a good faith basis for believing that the action was warranted under existing law or supportable by a good faith argument for the extension, modification or reversal of current law; and (c) termination of the proceeding in the claimant's favor.
Shore, Shirley Co. v. Kelley (1988), 40 Ohio App.3d 10, 14. In the instant case, however, both standards share the element that was not properly alleged — termination of the case in the plaintiff's favor. Hence, although some of the defendants below are attorneys, our analysis remains the same.
[4] Although further dispositions of both the Cuyahoga County case and the Summit County case may have occurred since the Vitranos' complaint was filed, on a 12(B)(6) motion we must assume that the allegations within the four corners of the complaint are true. Shockey, 96 Ohio App.3d at 94.
[5] As no evidence was submitted as to the final disposition of the Summit County case, it is unclear whether privilege could be established by the appellees. Privilege exists where one acts in good faith to protect a legally protected interest, which one believes may be impaired or destroyed by the performance of the contract. Elwert v. Pilot Life Ins. Co. (1991), 77 Ohio App.3d 529,539, citing Juhasz v. Quick Shops, Inc. (1977), 55 Ohio App.2d 51,57.
 "The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff."
(Citation omitted.) State ex rel. Elyria Foundry Co. v. Indus.Comm. of Ohio (1998), 82 Ohio St.3d 88, 89.
Hence, if summary judgment was not proper due to the lack of evidence on a material fact, the issue of privilege would not be ripe for review, as a determination of the privilege issue would require us to determine the merits of the Summit County case. Such a determination would essentially be an advisory opinion as to whether CWP had a legally protected interest to assert in the motion for the appointment of a receiver.