This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 I.
{¶ 1} Appellants, William Dineen and Kathy Dineen, appeal from the decision of the Summit County Court of Common Pleas. We reverse and remand.
{¶ 2} Mr. and Mrs. Dineen are landowners and members of the Prestwick Landowners Association ("Association"). In 1997, the Association filed an action against the Dineens alleging that the Dineens violated the Association's By-Laws by building a shed on their property. The 1997 case resulted in a judgment in favor of the Dineens.
{¶ 3} On April 21, 2000, the Dineens filed a complaint against the Association and individual trustees and officers of the Association ("Trustees and Officers"), alleging that they breached their duty of good faith and fair dealing. On July 14, 2000, the Association and the Trustees and Officers filed a motion to dismiss. On January 15, 2002, the trial court granted the motion to dismiss. It is from this order that the Dineens now appeal.
 II.
{¶ 4} Mr. and Mrs. Dineen assert three assignments of error. We will address the second and third assignments of error together to facilitate review.
 A. First Assignment of Error {¶ 5} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANTS BY DISMISSING APPELLANTS' COMPLAINT ALTHOUGH THERE IS A PRESUMPTION THAT ALL OF THE ALLEGATIONS OF THE COMPLAINT ARE TRUE AND APPELLANTS ARE ENTITLED TO ALL REASONABLE INFERENCES FROM THE ALLEGATIONS."
{¶ 6} In their first assignment of error, the Dineens argue that the trial court erred in dismissing their complaint because there is a presumption that all of the allegations in the complaint are true and that plaintiffs are entitled to all reasonable inferences from the allegations. We agree.
{¶ 7} A motion to dismiss a complaint pursuant to Civ.R. 12(B)(6) may be granted when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio StateHighway Patrol (1991), 60 Ohio St.3d 143, 145. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party. Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 93. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. MarksmanProds., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
{¶ 8} In the present case, the trial court granted the Association's motion to dismiss based on the complaint's failure to state a claim. The trial court held that the Dineens failed to establish that the Association, Trustees and Officers owed a duty of good faith. We disagree with the trial court's reasoning.
{¶ 9} In their complaint, the Dineens alleged that they are landowners in Prestwick Estates and members of the Association by virtue of purchasing property within Prestwick Estates. The complaint references the Association's Declaration and By-Laws. They also allege that the Association, Trustees and Officers owed a duty of good faith and that they breached their duty. Ohio courts have held that, like a corporate board of directors, a condominium board of managers "owe a duty of good faith in managing property held in common by a group of owners."Worthinglen Condominium Unit Owner's Assn. v. Brown (1989),57 Ohio App.3d 73, 76; see, also, Kellog Commons Condominium Assn., Inc.v. Carlington (Mar. 18, 1994), 11th Dist. No. 93-L-048.
{¶ 10} Accepting the factual allegations as true and making every reasonable inference in favor of the Dineens, this Court cannot say that it is beyond doubt that the Dineens can prove no set of facts that would entitle them to relief. In dismissing the complaint, the trial court did not accept all factual allegations as true and did not make every reasonable inference in favor of the Dineens.
{¶ 11} The Dineens' first assignment of error is sustained.
 B. Second Assignment of Error {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY FAILING TO ADDRESS WHETHER A CAUSE OF ACTION WAS STATED BY APPELLANTS AGAINST THE INDIVIDUAL OFFICERS AND TRUSTEES OF THE ASSOCIATION"
 Third Assignment of Error {¶ 13} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY GRANTING APPELLEES' RULE 12(B)(6) MOTION TO DISMISS ON GROUNDS NEITHER ASSERTED BY APPELLEES IN THEIR MOTION TO DISMISS NOR BRIEFED BY THE PARTIES."
{¶ 14} The Dineens' first assignment of error is sustained. As a result, this court declines to address the second and third assignments of error. See App.R. 12(A)(1)(c).
 III.
{¶ 15} The Dineens' first assignment of error is sustained. This court declines to address the second and third assignments of error. The decision of the Summit County Court of Common Pleas is reversed and remanded.
BAIRD, P.J., WHITMORE, J. CONCUR.