{¶ 11} I respectfully dissent as appellant's case should not have been dismissed. As the majority points out, when construing a complaint for purposes of a motion to dismiss pursuant to Civ.R. 12(B)(6) a presumption exists that all factual allegations of the complaint are true. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. All reasonable inferences must be made in favor of the non-moving party.Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 94.
{¶ 12} In construing appellant's complaint we must accept that appellant owns the property that was the subject of the bailment and that his mother entered into this contract on his behalf to benefit him. This makes him a possible third-party beneficiary of the contract.
{¶ 13} "As a general rule a non-party may not assert contract rights unless it is a third-party beneficiary under the contract or such standing is conferred by statute." Holiday Properties, Inc. v. Lowrie, 9th Dist. Nos. 21055 and 21133, 2003-Ohio-1136 at ¶ 16, citing Akronv. Castle Aviation, Inc. (June 9, 1993), 9th Dist. No. 16057. The third-party beneficiary need not be named in the contract. Gerak v.Dentice (Apr. 12, 2000), 9th Dist. No. 19767.
{¶ 14} Moreover, there is some indication that appellant was a beneficiary of the contract as one of the invoices attached to the complaint specifically bills appellant and cautions him that his property will be sold if payment is not made. I would reverse.