DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant John Yovanno has appealed from an order of the Summit County Court of Common Pleas that granted Defendant-Appellee Ryder System, Inc.'s motion to dismiss Appellant's age discrimination claim for failure to state a claim. This Court reverses and remands.
 I {¶ 2} Appellant was hired by Appellee on February 1, 1971, ultimately rising to the rank of Service Team Leader in Appellee's Akron, Ohio, location. On June 21, 2001, Appellant was terminated from his position with Appellee. Appellant was fifty-one years old at the time of his termination and had worked for Appellee for twenty-eight years. Appellant executed a severance agreement and release at the time of his termination.
 {¶ 3} On January 3, 2002, Appellant first became aware of a job opening as a Service Team Leader at Appellee's Akron location. He contacted Appellee to inquire of the position. The following day, Appellee changed the job title of the vacancy announcement to Shop Foreman, but failed to alter the job description in any other way. Appellant applied for the Shop Foreman position on January 24, 2002. The day after Appellant submitted his application, Appellee changed the title of the position for which Appellant had applied back to Service Team Leader. On January 31, 2002, Appellee posted the position, titled Service Team Leader, on "Monster.com", a national employment clearinghouse and website. Later, on March 6, 2002, Appellant contacted Appellee and expressed his interest in any full-time position available in northeast Ohio, be it Shop Foreman, Service Team Leader, or Supervisor. Appellant was instructed by Appellee's Human Resource Supervisor to fax his resume to Appellee, which he did. Appellee was never contacted or interviewed by Appellant.
 {¶ 4} On or about June 1, 2002, a Service Team Leader position became available at another branch of Appellee's corporation located in Walton Hills.[1]
Appellant was never interviewed or contacted with respect to the Walton Hills branch position as a Service Team Leader (referred to as "Walton Hills position"). On or about July 28, 2002, Appellee hired an individual who was substantially younger than Appellant to fill the Walton Hills position.
 {¶ 5} Appellant filed suit against Appellee on December 3, 2002, claiming that Appellee's failure to hire or consider him for employment was due to Appellant's age and constituted age discrimination in violation of R.C. 4112.02(N).[2] He filed a first amended complaint on February 24, 2003, that specified July 28, 2002, as the date Appellee's refusal to hire him for the Walton Hills position occurred.
 {¶ 6} Appellee filed a motion to dismiss Appellant's claim pursuant to Civ.R. 12(B)(6), stating that dismissal was warranted because "the events associated with [Appellant's] termination and his failure to be rehired occurred outside the [180 day] statute of limitation[s] governing age discrimination claims."
The trial court found that Appellant's termination on June 21, 2001, constituted the discriminatory act under which Appellant had sued, and that Appellee's failure to hire Appellant for the Walton Hills position on July 28, 2002, "merely constitute[d] the injury resulting from the wrongful termination" of June 21, 2001. Based on this finding, the trial court determined that Appellant's claim was filed beyond the 180-day statute of limitations, the time provided in R.C. 4112.02(N). It subsequently granted Appellee's motion to dismiss Appellant's claim of failure to hire.
 {¶ 7} Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
The Trial Court erred by treating a Discriminatory Failure to hire as an injury resulting from an earlier Discriminatory Termination."
 {¶ 8} In his first assignment of error, Appellant has argued that Appellee's refusal to hire him on or about July 28, 2002, for the Walton Hills position constituted a discrete discriminatory act. Specifically, Appellant has argued that the trial court erred when it found that Appellee's failure to hire him for the Walton Hills position on July 28, 2002, was an injury resulting from Appellee's alleged discriminatory act of terminating Appellant on June 21, 2001. We agree.
 {¶ 9} This Court reviews a dismissal made pursuant to Civ.R. 12(B)(6) under the de novo standard of review. Hunt v. Marksman Prods.,Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762, appeal not allowed (1995), 73 Ohio St.3d 1427. When dismissing Appellant's claim of age discrimination based on Appellee's Civ.R. 12(B)(6) motion, the trial court is bound to review the complaint and accept all factual allegations as true, making every reasonable inference in favor of Apellant, the non-moving party. Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 94. Also, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover." O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 10} This Court has previously held that only those affirmative defenses specifically listed under Civ.R. 12(B) may serve as the basis for dismissing a cause of action because: (1) the burden to plead an affirmative defense is on the defendant, not the plaintiff; (2) pursuant to Civ.R. 8(C), a defendant must plead his affirmative defenses in his responsive pleading; and (3) Civ.R. 12(B) contains seven specific, enumerated defenses that may be raised by motion prior to a defendant's responsive pleading. State ex rel. Carter v. Vermillion, (May 24, 2000), 9th Dist. No. 98CA007275, at 4. This Court has further held that "defenses such as * * * the statute of limitations * * * are not defenses that are specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B)." Vermillion, supra, at 4; Oliver v.Wagner (Dec. 8, 1999), 9th Dist. No. 2832-M at 10; Tarry v. FechkoExcavating, Inc. (Nov. 3, 1999), 9th Dist. No. 98CA007180, at 3.
 {¶ 11} The Supreme Court of Ohio clarified the use of the statute of limitations defense in a Civ.R. 12(B) motion. It has said that it is error on the part of the trial court to grant a defendant's motion to dismiss under Civ.R. 12(B) based on a statute of limitations defense unless the complaint conclusively shows on its face that the cause of action is barred by the statute of limitations. Velotta v. Leo PetronzioLandscaping, Inc. (1982), 69 Ohio St.2d 376, 379. In order for the complaint to show conclusively that the statute of limitations bars the cause of action, the complaint must state the controlling statute of limitations and the absence of factors that would either toll the statute or make it inapplicable. Tarry, supra, at 4.
 {¶ 12} Appellant has argued that Appellee's failure to hire him for the Walton Hills position on July 28, 2002 was a discrete discriminatory act. Appellee has responded that Appellant was pursuing reinstatement when he applied for various positions with Appellee, including the Walton Hills position. Appellee has also asserted that its failure to hire Appellant for the Walton Hills position was merely a continuation of its decision to terminate his employment on June 21, 2001. Therefore, Appellee has concluded, the statute of limitations began to run on Appellee's claim of age discrimination on June 21, 2001, and his lawsuit, filed December 3, 2002, was time barred.
 {¶ 13} The statutory provisions relevant to Appellant's allegations of age discrimination are currently codified at R.C. 4112.02(N), which states in pertinent part that:
"(N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action within one hundred eighty days after the alleged unlawful discriminatory practice occurred[.]"
 {¶ 14} The case at bar calls upon this Court to determine if, where an employee has previously been terminated from employment then subsequently applies for one or more positions with the same employer, a refusal to hire the previously discharged employee constitutes a discrete discriminatory act pursuant to Chapter 4112, or merely an injury resulting from the employer's prior decision to terminate employment. This Court notes that the Supreme Court of Ohio has held that federal case law interpreting Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., is applicable to cases involving Chapter 4112. Plumbers and Steamfitters Commt. v. Ohio Civil Rights Comm.
(1981), 66 Ohio St.2d 192, 196; see, also, Marbley v. Metaldyne, Co.
(June 4, 2003), 9th Dist. No. 21377, 2003-Ohio-2851, at ¶ 7, n. 1, appeal denied (2003), 100 Ohio St.3d 1424.
 {¶ 15} In National Railroad Passenger Corp. v. Morgan (2002),536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106, the United States Supreme Court articulated several principles that control disposition of the case at bar. First, it stated:
"Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- * * * day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed." Morgan, 536 U.S. at 122.
 {¶ 16} Under Morgan, if Appellee's decision of July 28, 2002, to not hire Appellant for the Walton Hills position was a discrete discriminatory act of age discrimination for refusal to hire, the statute of limitations for such a claim started to run on July 28, 2002, which is the date Appellant became aware of Appellee's decision to not hire him for the Walton Hills position. As a result, Appellant's suit filed on December 3, 2002, would not be time barred.
 {¶ 17} Therefore, this Court must first determine if Appellee's failure to hire Appellant was an alleged discrete discriminatory act. Once this is determined, this Court must then determine if the complaint conclusively showed on its face that Appellant's cause of action was barred by the statute of limitations because Appellee relied on the defense of the statute of limitations in its Civ.R. 12(B)(6) motion.
 {¶ 18} We need look no further than Morgan to answer the question of whether or not an employer's failure to hire is a discrete discriminatory act. The Morgan Court explained that:
"Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable `unlawful employment practice.'"Morgan, 536 U.S. at 114. (Emphasis added).
 {¶ 19} Because the Morgan Court characterized a refusal to hire as an "incident of discrimination," this Court concludes that a failure to hire, if done in contravention of Chapter 4112, is a discrete discriminatory act. We further conclude that if a job applicant is a former employee applying for either a new position or his former position with his former employer, a failure to hire claim arises if the employer makes a hiring decision with regard to the former employee that is in contravention of Chapter 4112. The question of whether the prior termination of the former employee was lawful or unlawful is irrelevant with respect to a former employee's failure to hire claim. A failure to hire claim is a stand alone cause of action triggering its own statute of limitations governed by Chapter 4112. In the case of a former employee as a job applicant, the statute of limitations for a failure to hire claim dates back to the date of the failure to hire, not the date of the former employee's termination. See State ex rel. Teamsters Local Union 377 v.Youngstown (1977), 50 Ohio St.2d 200 (holding that the statute of limitations begins to run once an individual's right has been infringed.)
 {¶ 20} Based on our conclusion that a failure to hire is a discrete discriminatory act, it follows that Appellee's failure to hire Appellant for the Walton Hills position on July 28, 2002, was an alleged discrete discriminatory act and actionable under Ohio's age discrimination statute. It further follows that the statute of limitations began to run on July 28, 2002, which is the date Appellee failed to hire Appellant for the Walton Hills position.
 {¶ 21} Based on the foregoing, this Court reviewed Appellant's complaint filed at the trial court to determine if it conclusively showed on its face that Appellant's failure to hire claim was time barred. SeeValetto, 69 Ohio St.2d 379. A determination had to be made by this Court as to whether or not the complaint stated the controlling statute of limitations along with the absence of factors that would either toll the statute or make it inapplicable. See Tarry, supra, at 4.
 {¶ 22} Accepting all factual allegations in the complaint as true and making every reasonable inference in favor of Appellant, this Court finds that Appellant's complaint did not conclusively show on its face that the cause of action was barred by the statute of limitations. First, Appellant did not state the controlling statute of limitations in his complaint. Second, he alleged no facts that would toll the statute or make it inapplicable. Furthermore, paragraphs 18 and 20 of the complaint convince this Court that Appellant alleged a timely refusal to hire claim against Appellee. Paragraph 18 states, in pertinent part, that "[o]n March 6, 2002, [Appellant] telephoned [Appellee's] [h]uman [r]esources department" and "expressed his interest in any full-time position in northeast Ohio, whether it was for Shop Foreman, Supervisor[,] or Service Team Leader." Paragraph 20 states, in pertinent part, that:
"[o]n or about July 28, 2002, [Appellant's former supervisor] and [Appellee] placed a freshly discharged serviceman at the Walton Hills location and moved the Brook [Park] Service Team Leader to Akron. [Appellant] had no advance knowledge of this placement, but learned of it after the fact. The result was that [Appellant's former supervisor] and [Appellee] rejected [Appellant] to fill the posted position in favor of a new hire who is substantially younger than [Appellant]."
 {¶ 23} Assuming these two allegations as true, this Court must conclude that Appellant applied for the Walton Hills position on March 6, 2002, and that Appellee decided to not hire him on July 28, 2002.[3]
This scenario clearly gave rise to a claim of age discrimination under R.C. 4112.02(N) with July 28, 2002, as the date the statute of limitations began to run.[4]
 {¶ 24} Because Appellant did not state in his complaint the controlling statute of limitations for a failure to hire claim along with the absence of factors that would toll the statute or make it inapplicable, the trial court erred when it dismissed Appellant's claim against Appellee under Civ.R. 12(B)(6). To the contrary, Appellant's complaint alleged a set of facts that, if proven true by Appellant, would entitle him to relief under R.C. 4112.02(N). Furthermore, Appellee's decision to not hire Appellant on July 28, 2002, for the Walton Hills position was the alleged discrete discriminatory act and Appellant had 180 days from the date of the act to file his age discrimination claim. Construing the allegations in Appellant's complaint as true, his lawsuit filed December 3, 2002, 128 days after Appellee's alleged discrete discriminatory act for failure to hire on July 28, 2002, met the statute of limitations requirement of R.C. 4112.02(N) and was not time barred.
 {¶ 25} Appellant's first assignment of error is well taken.
 Assignment of Error Number Two
"The Trial Court erred by defining the unlawful Discriminatory Act as the posting of a job, rather than the decision as to who would fill the job."
 {¶ 26} In Appellant's second assignment of error, he has argued that the trial court erred when it concluded that the posting of an employment position available with Appellee was an alleged discrete discriminatory act. Appellant has further argued that the trial court erred when it failed to define a failure to hire as an alleged discrete discriminatory act.
 {¶ 27} This Court notes that Appellant failed to present "[a]n argument containing the contentions of the appellant with respect to [his second] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Alterations added.) App.R. 16(A)(7). However, because this Court concluded in Appellant's first assignment of error that a refusal to hire is a discrete discriminatory act, we find it unnecessary to answer Appellant's second assignment of error. See App.R. 12(A)(1).
 III {¶ 28} Appellant's first assignment of error is sustained. This Court declines to address Appellant's second assignment of error. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, And cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, J., concurs.
[1] Walton Hills is in the Akron, Ohio, area.
[2] Appellant sued Appellee pursuant to R.C. 4112.99, which states that "[w]hoever violates [Chapter 4112] is subject to a civil action for damages, injunctive relief, or any other appropriate relief." (Alterations added). The Supreme Court of Ohio has held that R.C. 4112.99
of the code is a general statute that provides an independent cause of action designed to remedy any form of discrimination identified under Chapter 4112. Elek v. Huntington Natl. Bank (1991), 60 Ohio St.3d 135,136.
[3] This Court finds Appellee's argument that Appellant was pursuing reinstatement because he applied for his former position, along with numerous other positions, untenable. If this Court were to adopt Appellee's argument, any former employee would be considered applying for reinstatement rather than simply applying for employment whenever he applied for a position with a former employer. Granted, Appellant was applying for his former position from his former employer and under the supervision of his former supervisor, but he applied through an open application process that included what appeared to be an unfiltered application process on the internet, specifically the website "Monster.com." The fact that an applicant is a former employee of the hiring employer does not give the hiring employer license to discriminate against the applicant when the applicant is applying for an available position, even if it is the applicant's former position.
[4] To hold that the statute of limitations started to run at the time of an applicant's last affirmative act of application, as Appellee has argued, would essentially force job applicants to file age discrimination lawsuits against employers 180 days after an application is submitted, even if an employment decision has not yet been made. This Court will not compel conduct of this nature or adopt such a strained and illogical interpretation of employment law.