DECISION
{¶ 1} Plaintiff-appellant, Rayshan Watley, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Ohio State Adult Parole Authority ("OSAPA") and Reginald Wilkinson (collectively "defendants"). Because plaintiff did not attach the required affidavit to his complaint, we affirm.
 {¶ 2} Plaintiff is an inmate currently incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio. OSAPA last denied plaintiff parole in December 2003. On August 10, 2005, plaintiff filed a pro se civil rights complaint against defendants, alleging they did not meaningfully consider him for parole and seeking an order from the court that requires defendants to release him on parole.
 {¶ 3} Pursuant to R.C. 2969.25, plaintiff attached an affidavit of indigency and a written statement containing a list of each civil action he filed in the previous five years. Plaintiff's written statement was not signed before a notary public or any other person authorized to administer oaths. Instead, plaintiff signed the written statement with the following: "Pursuant to 28 U.S.C. 1746, I declare this affidavit to be true and correct."
 {¶ 4} In response to plaintiff's complaint, defendants filed a Civ.R. 12(B)(6) motion to dismiss. Defendants' motion alleged that plaintiff was not entitled to relief because (1) he failed to attach proper affidavits as required by R.C. 2969.25, and (2) he failed to state a claim capable of being redressed. Plaintiff did not oppose defendants' motion.
 {¶ 5} The trial court granted defendants' motion and dismissed plaintiff's complaint, concluding that plaintiff's written statement failed to comply with R.C. 2969.25. Although the trial court noted the statement contained a description of all cases filed in the previous five years, a prerequisite for an inmate filing a civil complaint against a government entity, the court also determined the statement was not an affidavit because a notary public did not notarize it. The trial court thus dismissed plaintiff's complaint, premising its decision, in part, on plaintiff's failure to file the required affidavit pursuant to R.C. 2969.25(A).
 {¶ 6} Plaintiff appeals, assigning five errors:
First Assignment of Error
The court errored [sic] is dismissing Watley's complaint for allegedly not complying with R.C. 2969.25.
Second Assignment of Error
The court erred in not ordering defendants to return legal materials of defendants [sic] motion to dismiss.
Third Assignment of Error
The court errored [sic] in dismissing plaintiffs [sic] complaint alleging he has failed to state a claim to wich [sic] relief may be granted and Watley failed to show how he was denied meaningful consideration of parole and because plaintiff has no constitutional right to a parole.
Fourth Assignment of Error
The court errored [sic] in not ajuding [sic] and or addressing Watley's claim of seperation [sic] of power doctrine.
Fifth Assignment of Error
The court errored [sic] in dismissing Watley's complaint under 12(B)(6).
 {¶ 7} Plaintiff's first assignment of error contends the trial court erroneously dismissed his complaint for failing to file an affidavit as required under R.C. 2969.25(A). Noting the difficulty in having a document notarized in prison, plaintiff asserts his verification pursuant to Section 1746, Title 28, U.S. Code, given under penalty of perjury, may be substituted for an affidavit in Ohio's state courts.
 {¶ 8} In order for a trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shockey v. Wilkinson
(1994), 96 Ohio App.3d 91, 93, citing York v. Ohio State Hwy.Patrol (1991), 60 Ohio St.3d 143, 144. Furthermore, in construing the complaint, the trial court "must presume the truth of all the factual allegations of the complaint and make all reasonable inferences in favor of the nonmoving party."Shockey, at 94. The dismissal of a complaint pursuant to Civ.R. 12(B)(6) presents a question of law which we review de novo. Id.
 {¶ 9} R.C. 2969.25(A) states, in pertinent part, that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." An affidavit "is a written declaration under oath." R.C. 2319.02. It "may be made in or out of this state before any person authorized to take depositions." R.C. 2319.04. A notary public most often administers oaths required or authorized by law. R.C.147.07.
 {¶ 10} Although Ohio requires that an affidavit be a written declaration under oath, Section 1746, Title 28, U.S. Code allows a party to substitute an affidavit with an "unsworn * * * statement * * * in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: * * * `I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"
 {¶ 11} In Toledo Bar Assn. v. Neller, 102 Ohio St.3d 1234,2004-Ohio-2895, at ¶ 1, the Ohio Supreme Court addressed the issue of whether unsworn written statements that are signed under penalty of perjury may be substituted for affidavits in Ohio. The court found "that the language in [26 U.S.C. 1746] indicates that Congress intended to change federal law but leave the states free to set their own policies concerning affidavits." (Emphasis sic.) Id. at ¶ 19. The court stated that both before and after the enactment of Section 1746, Title 28, U.S. Code, Ohio "has never recognized an exception to the statutory requirement that a valid affidavit must be a `written declaration under oath.'" Id. at ¶ 21. The court held that because Ohio has never enacted a provision recognizing the legal validity of unsworn declarations made under penalty of perjury, a written statement containing a Section 1746, Title 28, U.S. Code declaration does not replace an affidavit in Ohio. Id. at ¶ 24.
 {¶ 12} Here, plaintiff, an inmate at the Southern Ohio Correctional Facility, commenced a civil action against OSAPA and Reginald Wilkinson, director of the Ohio Department of Rehabilitation and Correction. Although plaintiff filed a written statement that contained a description of each civil action that he filed in the previous five years, plaintiff's statement was not signed before a notary pubic or any other person authorized to administer oaths; plaintiff instead attempted to verify the statement under Section 1746, Title 28, U.S.Code. Because plaintiff's written statement is not an affidavit under R.C.2319.02, plaintiff's complaint does not comply with the requirements of R.C. 2969.25(A). Accordingly, the trial court did not err when it dismissed plaintiff's complaint. See Jeffersonv. Ohio Adult Parole Authority (1999), 86 Ohio St.3d 304; Stateex. rel. Alford v. Winters (1997), 80 Ohio St.3d 285. Plaintiff's first assignment of error is overruled.
 {¶ 13} Because plaintiff's complaint must be dismissed for failing to comply with R.C. 2969.25, plaintiff's second, third, fourth, and fifth assignments of error are rendered moot. Having overruled plaintiff's first assignment of error, rendering moot his remaining assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and McGrath, JJ., concur.